IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>Flabeg Solar US Corporation,<br><br>                 Alleged Debtor<br><br>The Buncher Company,<br><br>                 Movant,<br><br>                 v.<br><br>Flabeg Solar US Corporation,<br><br>                 Respondent | Bankruptcy No. 13-21415-CMB<br><br>Involuntary Chapter 7<br><br>Document No. __ |

**MOTION OF THE BUNCHER COMPANY FOR ENTRY OF AN ORDER DECLARING THAT THE AUTOMATIC STAY IS NOT APPLICABLE OR, IN THE ALTERNATIVE, <u>GRANTING RELIEF FROM THE AUTOMATIC STAY</u>**

The Buncher Company ("Buncher"), by its counsel, files this Motion for Entry of an Order Declaring that the Automatic Stay is Not Applicable or, in the Alternative, Granting Relief from the Automatic Stay (the "Motion"), and states the following in support thereof:

**<u>Jurisdiction</u>**

1. This Court has jurisdiction to hear this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

2. Relief is requested pursuant to Bankruptcy Code section 362(d) and Bankruptcy Rule 7001. This Motion is brought pursuant to Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure and Rule 4001-1 of the Local Rules for the United States Bankruptcy Court for the Western District of Pennsylvania.

**Parties**

3. On information and belief, FLABEG Solar US Corporation (the "Debtor") is a Pennsylvania corporation, formerly engaged in the manufacture of solar mirrors. Also, on information and belief, the Debtor is an indirect affiliate of FLABEG GmbH ("GmbH"), a German limited liability company with offices at Waldaustraβe 13, 90441 Nürnberg. On further information and belief, GmbH is the subject of an insolvency proceeding in Nürnberg, Germany.

4. Buncher is a Pennsylvania corporation with offices at 1300 Penn Avenue, Suite 300, Pittsburgh, PA 15222.

**Background**

5. This bankruptcy case was commenced by the filing of an involuntary chapter 7 petition (the "Petition") by certain creditors of the Debtor on April 2, 2013.

6. The Debtor has not responded to the Petition. The deadline for the Debtor to answer or otherwise respond is August 7, 2013.

7. On or about November 20, 2008, Buncher and GmbH entered into a Lease Agreement (as amended, the "Lease") pursuant to which Buncher leased to GmbH certain real property (the "Property") located at 2201 Sweeney Drive, Findlay Township, Allegheny County, Pennsylvania.

8. GmbH breached the Lease by failing to make monthly rent payments after April 2013. Prior to the default, GmbH, not the Debtor, made the rent payments. On June 7, 2013, Buncher sent GmbH a notice of default and acceleration of rent. A copy of the default and acceleration letter is attached hereto as Exhibit A. On June 28, 2013, Buncher terminated the Lease in accordance with the terms thereof. A copy of the termination letter is attached hereto as

Exhibit B. GmbH owes Buncher $22,578,141.50, which amount includes unpaid rent, common area maintenance charges, and real estate taxes. GmbH has made no payment of rent and no payment of utility bills since its initial default.

9. The Debtor never was a tenant under the Lease and does not have an interest in the Property.

## Relief Requested

10. Buncher seeks an Order declaring that Section 362(a) of the Bankruptcy Code does not stay Buncher's enforcement of its remedies at law or in equity under applicable non-bankruptcy law because the Debtor has no interest in the Property. Alternatively, if the Court determines that the Debtor has an interest in the Property, Buncher seeks an Order granting relief from the automatic stay pursuant to Bankruptcy Code section 362(d).

## Argument

**A.    The Automatic Stay Does Not Apply.**

11. Because Buncher's Lease was with GmbH, not the Debtor, termination of the Lease was not an action against the Debtor or property of the Debtor's estate within the scope of section 362 of the Bankruptcy Code. Accordingly, the automatic stay does not apply here. *See* 11 U.S.C. § 362(a)(3); *see also Böhm v. Howard (In re Howard)*, 422 B.R. 593, 602 (Bankr. W.D. Pa. 2010) ("11 U.S.C. § 362(a)(3) provides that the filing of a bankruptcy petition 'operates as a stay, applicable to all entities, of . . . any act to obtain . . . property of the estate or to exercise control over property of the estate. . . .'").

12. The term "property of the estate" is defined in section 541 as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §

541(a)(1); *see also In re Funding Sys. Asset Mgmt. Corp.*, 111 B.R. 500, 510 (Bankr. W.D. Pa. 1990) ("The scope of §541(a)(1) is broad and pervasive.").

13. The Lease has never been property of the Debtor's estate because the Debtor was not the lessee of the Property. *See e.g., In re Wilson*, 37 A.2d 709, 710 (Pa. 1944) ("The [landlord/tenant] relation arises under a contract for possession of lands in consideration of rent to be paid therefor."). Because the Debtor was not a party to the Lease, the Debtor has no rights in the Property. *Cf. In re Funding Sys. Asset Mgmt. Corp.*, 111 B.R. at 510 ("a leasehold interest is property of the estate if the debtor is the lessee of property as of the commencement of the case.").

14. Because the Property is not property of the Debtor's estate within section 541(a), the automatic stay does not prevent Buncher from enforcing its remedies at law or in equity.

15. Accordingly, Buncher seeks a declaration that the Property is not property of the Debtor's estate and that the automatic stay is inapplicable.

**B. Alternatively, to the Extent the Debtor has an Interest in the Property, the Court should Grant Relief from the Automatic Stay.**

16. If the Court finds that the Debtor has an interest in the Property and the automatic stay applies, Buncher should be granted relief from the automatic stay to enforce its remedies under applicable state law, including entering the Property and removing the personal property therein.

17. The Bankruptcy Code permits the Court to modify the automatic stay imposed by section 362 of the Bankruptcy Code. Section 362(d) states in relevant part:

> On request of a party in interest after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1) for cause, including lack of adequate protection of an interest in property for such party in interest;

4

    (2) with respect to a stay of an act against property under subsection (a) of this section if –

      (A) the debtor does not have an equity in such property; and

      (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d)(1)-(2).

  18. Cause, as used in section 362(d)(1) is not defined, leaving the Court to consider what constitutes cause based on the totality of the circumstances in each particular case. *In re Wilson*, 116 F.3d 87, 90 (3d Cir. 1997). "It is an intentionally broad and flexible concept that permits a bankruptcy court, as a court of equity, to respond to inherently fact--sensitive situations." *Stranko v. Behanna (In re Behanna)*, 381 B.R. 631, 643 (Bankr. W.D. Pa. 2008).

  19. Cause exists to grant relief under section 362(d)(1) because the Debtor was not a party to the Lease.

  20. Relief from the automatic stay also may be granted under section 362(d)(2) because the Debtor does not have equity in the Property and the Property is not necessary to an effective reorganization. *See In re Rosemond*, 105 B.R. 8, 10 (Bankr. W.D. Pa. 1989) (The debtor "is in substantial default, has no equity in the leasehold, and does not need it to reorganize because this proceeding is a Chapter 7 liquidation. 11 U.S.C. § 362(d)(2)(A), (B). Thus, relief from the automatic stay must be granted.").

  21. Assuming the Debtor stays in bankruptcy, the Debtor has not shown any prospects for an effective reorganization. *See United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 375-76 (1988) ("[I]t is the burden of the debtor to establish that the collateral at issue is 'necessary to an effective reorganization.' What this requires is not merely a showing that if there is conceivably to be an effective reorganization, this property will be

5

needed for it; but that the property is essential for an effective reorganization that is in prospect. This means, as many lower courts, including the *en banc* court in this case, have properly said, that there must be 'a reasonable possibility of a successful reorganization within a reasonable time.'") (citations omitted).  In the present case, there is no reorganization in prospect.

**WHEREFORE**, The Buncher Company respectfully requests that this Court (i) enter an Order in the form substantially attached hereto declaring that the Property is not property of the Debtor's estate and therefore the automatic stay does not apply, or (ii) alternatively, enter an Order granting The Buncher Company relief from the automatic stay to enforce its legal and equitable rights as owner of the Property, and (iii) grant such other and further relief as it deems just and proper under these circumstances.

Dated:  July 22, 2013                                   Respectfully submitted,

                                                        REED SMITH LLP

                                                        By:  /s/ Eric A. Schaffer
                                                             Eric A. Schaffer, Esquire
                                                             Pa. ID No. 30797
                                                             Jared S. Roach, Esquire
                                                             Pa. ID No. 307541
                                                             225 Fifth Avenue
                                                             Pittsburgh, PA  15222
                                                             (412) 288-3131
                                                             (412) 288-3063 (fax)
                                                             eschaffer@reedsmith.com
                                                             jroach@reedsmith.com

                                                        *Counsel for The Buncher Company*