# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>Flabeg Solar US Corporation,<br><br>        Debtor<br><br>The Buncher Company,<br><br>        Movant,<br><br>v.<br><br>Flabeg Solar US Corporation,<br><br>        Respondent | Bankruptcy No. 13-21415-CMB<br><br>Chapter 11<br><br>Document No. __<br><br>Related to Document No. 163 and 164 |

## OPPOSITION TO DEBTOR'S MOTION FOR
## ENLARGEMENT OF TIME TO FILE POST-TRIAL BRIEF

The Buncher Company ("Buncher") files this Opposition to Debtor's Motion for Enlargement of Time to File Post-Trial Brief.[1]

1. The Debtor has sought to delay resolution of Buncher's motion whenever possible, whether by requesting to delay hearing dates, briefing dates, or otherwise. This motion is another such attempt.

2. Buncher denies that the relief now requested in the Debtor's motion would be non-prejudicial. If this matter is not resolved promptly, Buncher may lose a valuable, limited opportunity to lease the Property at market rates to a creditworthy, long term tenant.

---

[1] Capitalized terms used in this Opposition have the meanings set forth in the Brief of the Buncher Company in Support of Motion for Entry of an Order Declaring that the Automatic Stay is not Applicable or, in the Alternative, Granting Relief from the Automatic Stay [Dkt. No. 126].

3. The Debtor was aware of any issues relating to an alleged assignment at the time of the parties' evidentiary hearing, *see* Trial Tr. at 45, but it offered no evidence and no argument with regard to the effect of any possible assignment. The rights and interests of GmbH under applicable Pennsylvania and German law were before the Court at the preliminary and final hearings.

4. The Debtor's motion is an improper attempt to re-open the record after a full and final hearing on Buncher's motion. A party may not raise new arguments, proffer new facts, or raise new legal theories in a post-hearing brief. *See United States v. Schiff*, 538 F. Supp. 2d 818, 841 ("A post-hearing brief is not the place for new theories. This is not arbitrary, but rather essential for a fair hearing process."); *Griggs v. BIC Corp.*, 844 F. Supp. 190, 200 (M.D. Pa. 1994) (refusing to consider "new" post-trial affidavits, sworn after trial, since the information existed before trial); *In re PT-1 Commc'ns, Inc.*, 447 B.R. 115, 125 (Bankr. E.D. N.Y. 2011) (refusing to consider arguments first raised in post-trial brief). There is no proper basis to offer any new facts or arguments relating to the rights and interest of GmbH.

5. The alleged assignment cannot affect the parties' respective rights because Buncher's lease with GmbH terminated in June 2013. Assignment of a terminated lease does not give the Debtor an interest in the Property.

6. Buncher does not waive its right to a prompt decision on its motion. *See Collier on Bankruptcy* P 362.08[4] [5] (16th ed. 2013) (court should conclude hearings on relief from the stay in a timely fashion, generally within no more than 30 days). *See also In re SeSide Co., Ltd.*, 155 B.R. 112, 115 16 (E.D. Pa. 1993) ("Regardless of whether the … hearing was preliminary or final, the court was obligated to make some kind of ruling at its conclusion, within the thirty day period.").

WHEREFORE, Buncher respectfully requests that the Court deny the Debtor's motion for enlargement of time to file a post-trial brief.

Dated: September 27, 2013

Respectfully submitted,

REED SMITH LLP

By: /s/ Eric A. Schaffer
Eric A. Schaffer, Esquire
Pa. ID No. 30797
Jared S. Roach, Esquire
Pa. ID No. 307541
225 Fifth Avenue
Pittsburgh, PA 15222
(412) 288-3131
(412) 288-3063 (fax)
eschaffer@reedsmith.com
jroach@reedsmith.com

*Counsel for The Buncher Company*