IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| FLABEG SOLAR US CORPORATION, | : | Bankruptcy No. 13-21415-CMB |
| *Debtor* | : | Chapter 11 |
| | : | |
| THE BUNCHER COMPANY, | : | Related to Doc. No. 45 |
| *Movant,* | : | |
| | : | |
| v. | : | |
| | : | |
| FLABEG SOLAR | : | |
| US CORPORATION, | : | |
| *Respondent.* | : | |

*Appearances:* Eric A. Schaffer, Esq., for the Movant, The Buncher Company
Robert O. Lampl, Esq, for the Respondent/Debtor, Flabeg Solar US
Corporation

## MEMORANDUM OPINION

The matter before the Court is the *Motion of the Buncher Company for Entry of an Order Declaring that the Automatic Stay is Not Applicable, or in the Alternative, Granting Relief from the Automatic Stay* ("Motion").[1] Flabeg Solar US Corporation (hereinafter, "Debtor" or "Flabeg US") filed a response opposing the relief sought by the Buncher Company ("Buncher"). In addition, UniCredit Luxembourg S.A. ("UniCredit"), identified as agent for a syndicate of lenders, filed its *Limited Response of UniCredit to Motion for Relief from the Automatic Stay of Buncher Company* ("Limited Response"). Upon consideration of the Motion, responses thereto, the Stipulated Facts, arguments, evidence, briefs, and for the reasons expressed herein, this Court

---

[1] This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This is a core matter pursuant to 28 U.S.C. §157(b)(2)(G), and the Court will enter final judgment. However, if the United States District Court determines pursuant to the rationale set forth in *Stern v. Marshall*, 131 S.Ct. 2594 (2011), that this Court does not have the authority to enter final judgment, then the Memorandum Opinion and Order entered shall constitute the Court's proposed findings of fact and conclusions of law and recommendation to the District Court.

finds that the automatic stay applies to the Debtor's interest in property which it is currently occupying; however, relief from stay is appropriate.

## BACKGROUND AND PROCEDURAL HISTORY

The above-captioned bankruptcy case was commenced on April 2, 2013, by the filing of a Chapter 7 Involuntary Petition against Flabeg US. Following several extensions to answer the Involuntary Petition, on August 9, 2013, this Court entered an Order for Relief as of August 2, 2013 and converted the instant proceeding from a case under Chapter 7 to Chapter 11.

By the time the Order for Relief was entered, several motions were pending in the case, including the instant Motion, to which the Debtor and UniCredit filed responses. In its Motion, Buncher contends that the automatic stay is not applicable to protect any alleged interest claimed by the Debtor in certain property leased by Buncher to another entity, Flabeg GmbH ("GmbH"), but occupied by the Debtor pursuant to a sublease with GmbH. In the alternative, Buncher asserts that relief from stay is appropriate under either §362(d)(1) or (2). UniCredit's Limited Response does not oppose the relief sought by Buncher, but rather, consistent with its other filings, alleges the impossibility of reorganization of this Debtor. The Debtor, however, asserts that the stay applies and that relief from stay is not warranted under the circumstances.

Argument on the Motion was first heard on August 20, 2013, and an evidentiary hearing was scheduled. UniCredit has not been involved in the proceedings related to the Motion since the August 20, 2013 hearing. Pursuant to this Court's scheduling order, the Debtor and Buncher filed stipulated facts and briefs prior to the evidentiary hearing held on September 12, 2013. At the evidentiary hearing, several depositions were introduced as evidence: (1) the deposition of Brian Goetz, the executive  vice president of Buncher's real estate department; (2) the deposition of Joseph Jackovic, executive vice president and general counsel for Buncher; and (3) the

deposition of William Otto, the president, secretary, treasurer and sole director of the Debtor. Only one witness, Mr. Otto, was called to the stand. At that time, he briefly addressed and described the exhibits contained within Debtor's exhibit book. Following the evidentiary hearing, the parties were provided the opportunity to file post-hearing briefs. As the briefs have been filed, the matter is now ripe for decision.

## FINDINGS OF FACT

The Debtor, a Delaware corporation, is a wholly-owned subsidiary of Flabeg US Holding, Inc., which is ultimately owned by a German entity, referred to herein as GmbH. *See Deposition of Otto*, Exhibit X, at 6-7. Buncher has a ground lease of certain property located at 2201 Sweeney Drive, Findlay Township, Allegheny County, Pennsylvania ("the Property"). *See Deposition of Goetz*, Exhibit V, at 17-18 and *Deposition of Jackovic*, Exhibit W, at 12. On November 20, 2008, Buncher and GmbH entered into a Lease Agreement (the "Lease") pursuant to which Buncher leased to GmbH the Property. *See Stipulated Facts*, at ¶1.

The Lease contains, *inter alia*, provisions regarding assignment and subletting. *See* Exhibit A to *Stipulated Facts*. Although the Lease generally requires the prior written consent of the landlord, an exception is set forth in the Lease:

> Notwithstanding any provision to the contrary contained in this section 6 of this Lease, Tenant may *without Landlord's consent*, but without the release of Tenant from Tenant's liabilities and obligations under this Lease, assign this Lease or sublet the Leased Premises or any part thereof to any subsidiary or affiliate of Tenant, provided Tenant notifies Landlord in writing of its intention to so assign or sublet and the use is consistent with the Use under section 3 of this Lease. For the purpose of this section 6, the terms "subsidiary" or "affiliate" shall be defined as any corporation or entity which controls Tenant, is controlled by Tenant or is under the common control with Tenant by the same parent corporation or other entity.

*Id.* (emphasis added). Thus, for a subsidiary or affiliate of GmbH, a sublease would simply require notice to, not the approval of, Buncher.

3

Subsequently, GmbH and the Debtor entered into a sublease (the "Sublease") dated February 1, 2009, pursuant to which GmbH subleased the Property to the Debtor. *See Stipulated Facts,* at ¶8. The parties did not dispute on the record that Debtor, referred to by both parties as the great-grandchild of GmbH, qualifies as a subsidiary or affiliate under the Lease. Furthermore, although no notification in writing has been produced to demonstrate that GmbH provided written notice of the sublease to Buncher, it has been represented on the record that Buncher was aware that the Property was subleased to Debtor and Debtor was operating on the Property. *See Transcript of 9/12/13 Evidentiary Hearing*, at 13-14, 19, and *Deposition of Otto*, Exhibit X, at 31-32.[2] Notwithstanding this knowledge, Buncher did not sign the Sublease, and there is no evidence of a contractual relationship between Buncher and the Debtor.

On March 16, 2009, an amendment to the Lease was executed by Buncher and GmbH. *See Stipulated Facts*, at ¶2. The purpose of the amendment was to correct a mutual misunderstanding between the parties and "amend the Lease to accurately reflect the reduced total land area of the Leased Premises." *See* Exhibit B to *Stipulated Facts.* Likewise, an amendment to the Sublease was executed by the Debtor and GmbH on the same date. *See* Exhibit H to *Stipulated Facts*.

Subsequently, a second amendment to the Lease was executed on October 1, 2012, which provided for, *inter alia*, restructuring of the rental payments due under the Lease, payment of a restructuring fee, extension of the lease term, and elimination of the security deposit. *See Stipulated Facts*, at ¶3, and Exhibit C to *Stipulated Facts.* Pursuant to the second amendment to the Lease, GmbH paid Buncher a restructuring fee of $1,100,000, which was the amount of the

---

[2]     Based upon a review of the record, Mr. Jackovic's testimony that he does not personally recall a request for a sublease to Flabeg US does not sway the Court to find that Buncher did not receive notice of the Sublease. *See Deposition of Jackovic*, Exhibit W, at 13-14. Furthermore, the Court further notes that the record is replete with evidence that Buncher was aware that the Debtor was, in fact, occupying the space.

security deposit held by Buncher, and correspondingly, the security deposit was eliminated. *See Stipulated Facts*, at ¶4, and Exhibit C to *Stipulated Facts.* A second amendment to the Sublease was also executed by the Debtor and GmbH on October 1, 2012, similarly addressing the amendments made to the Lease between Buncher and GmbH. *See Stipulated Facts,* at *¶10* and Exhibit I to *Stipulated Facts.*

The above-captioned involuntary case was commenced against Flabeg US on April 2, 2013, resulting in the commencement of the automatic stay. Although a specific date is not set forth on the record, it appears that GmbH also became the subject of insolvency proceedings in Germany at or around this time. *See Deposition of Jackovic*, Exhibit W, at 21. On May 22, 2013, Buncher sent a notice to GmbH addressing GmbH's failure to pay monthly rent and notification of default under the Lease if the amount due was not paid within ten days. *See Stipulated Facts*, at ¶5, and Exhibit D to *Stipulated Facts*. On June 7, 2013, Buncher sent another notice to GmbH advising that, due to failure to make payment, GmbH was in default under the Lease and Buncher was exercising its right to accelerate the rent due under the agreement. *See Stipulated Facts*, at ¶6, and Exhibit E to *Stipulated Facts*. A third notice was sent on June 28, 2013, notifying GmbH of Buncher's termination of the Lease pursuant to the terms of the agreement due to the failure to make payments. *See Stipulated Facts*, at ¶7, and Exhibit F to *Stipulated Facts*. Included therein was a notice to vacate and immediately remove equipment and property from the premises. *See* Exhibit F to *Stipulated Facts.* Notwithstanding the notices to GmbH, the Debtor remains on the premises. Buncher has not received rental payments since April 2013. Debtor has not made rental payments under the Sublease after April 2013. *See Deposition of Otto*, Exhibit X, at 34-35.

Based upon these facts, the Court considers the applicability of the automatic stay and, if the stay does apply, whether relief is appropriate.

## STANDARDS

As a preliminary matter, 11 U.S.C. §362 sets forth the circumstances under which the automatic stay applies. In particular, §362(a)(3)  provides as follows:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of--
>> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]

Thus, the scope of the stay imposed under this provision, is determined in part by what constitutes property of the estate. For that, the Court must look to 11 U.S.C. §541(a)(1):

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

Clearly, "[t]he scope of the automatic stay is undeniably broad." *See Cuffee v. Atlantic Business and Community Development Corp. (In re Atlantic Business and Community Corp.)*, 901 F.2d 325, 327 (3d Cir. 1990).

If it is determined that the automatic stay applies, a creditor may seek relief from stay under the statute:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>> (2) with respect to a stay of an act against property under subsection (a) of this section, if--
>>> (A) the debtor does not have an equity in such property; and
>>> (B) such property is not necessary to an effective reorganization[.]

11 U.S.C. §362(d)(1) and (2).

"Cause" under §362(d)(1) is not defined in the statute and courts decide what constitutes cause based upon "the totality of the circumstances." *See O'Neal Steel, Inc. v. Chatkin* (*In re Chatkin*), 465 B.R. 54, 59 (Bankr.W.D.Pa.2012). Although §362(g) provides that the party opposing relief from stay has the burden of proof on all issues except for the debtor's equity in property, when relief from stay "for cause" is sought, courts have interpreted the statute as placing "the burden on the moving party to make an initial prima facie showing of 'cause' sufficient to support relief from stay. If the moving party does so, the ultimate burden then shifts to the non-moving party . . . to show a lack of cause to grant stay relief." *Chatkin*, 465 B.R. at 61. *See also In re JER/Jameson Mezz Borrower II, LLC*, 461 B.R. 293, 304 (Bankr.D.Del.2011).

Under §362(d)(2), although the movant will have the burden of establishing the debtor lacks equity in the property, it is the opposing party's burden to prove that there is a reasonable probability of successful reorganization within a reasonable time. *See S&T Bank v. Garbinski* (*In re Garbinski*), 452 B.R. 574, 581 (Bankr.W.D.Pa. 2011). However, a hearing on relief from stay is not meant to be a confirmation hearing, and what is required is a showing that a contemplated plan is not patently unconfirmable. *See Orrstown Bank v. Biltwood Props. LLC* (*In re Biltwood Props. LLC*), 473 B.R. 70, 78 (Bankr.M.D.Pa.2012) (setting forth the test enunciated by the Court of Appeals for the Third Circuit in *John Hancock Mut. Life Ins. Co. v. Route 37 Business Park Assocs.*, 987 F.2d 154, 157 (3d Cir.1993)).

With these standards in mind, this Court addresses the relief requested in the instant Motion.

## DISCUSSION

The breadth of the stay is preliminarily at issue for the purpose of resolving Buncher's Motion. Buncher contends that, because its Lease was with GmbH and not with Debtor, the stay does not apply as the termination of said Lease was not an action against the Debtor nor was the Lease property of the Debtor's estate. Accordingly, the relief requested by Buncher is set forth as follows in its Motion:

> Buncher seeks an Order declaring that Section 362(a) of the Bankruptcy Code does not stay Buncher's enforcement of its remedies at law or in equity under applicable nonbankruptcy law because the Debtor has no interest in the Property. Alternatively, if the Court determines that the Debtor has an interest in the Property, Buncher seeks an Order granting relief from the automatic stay pursuant to Bankruptcy Code section 362(d).

Debtor contends that the stay does apply and further opposes Buncher's alternative request for relief from the stay. The Court begins by addressing the applicability of the automatic stay.

Courts have consistently recognized the extensive reach of the automatic stay. The breadth of the stay is particularly clear in *In re 48th Street Steakhouse, Inc.,* 835 F.2d 427, 431 (2d Cir. 1987), *cert. denied,* 485 U.S. 1035 (1988). First, the court noted that "unexpired leasehold interests, including subleases, constitute property of the bankrupt estate." *Id.* at 430. In that case, a "[l]andlord attempted to unilaterally terminate the prime tenant's lease for non-payment of rent. Under such circumstances, termination of the prime lease results in termination of the [debtor's] sub-lease as well." *Id.* at 431.[3] Thus, the court found that the termination of the non-debtor's lease would have resulted in the destruction of the debtor's subtenancy in violation

---

[3]      Although the Second Circuit Court of Appeals was applying New York law to reach this conclusion, this Court notes that the result would be the same under Pennsylvania law: "a sublease terminates when the prime lease terminates[.]" *Allenfield Assocs. v. United States,* 159 B.R. 446, 449 (E.D. Pa. 1993) (discussing 68 Pa.C.S.A. §250.105), *aff'd,* 27 F.3d 555 (3d Cir. 1994).

of the automatic stay. *Id.* at 431. Notably, the facts are very similar to the facts of the instant case.

In this case, Flabeg US commenced possession of the premises pursuant to its Sublease with GmbH, a sublease which did not require Buncher's prior approval based upon the terms of Buncher's Lease with GmbH. Furthermore, at the time of the involuntary petition when the automatic stay commenced, Buncher had not attempted to terminate the prime lease with GmbH. The purported termination against GmbH occurred after the filing of the involuntary petition against Flabeg US, and thus after the commencement of the automatic stay. Accordingly, both the prime lease and sublease were not terminated at the commencement of this bankruptcy case. This Court adopts the analysis of *48th Street* and finds that the purported termination of the Lease with GmbH was a violation of the automatic stay as the termination of the prime lease would result in the termination of this Debtor's Sublease, which constitutes property of the bankruptcy estate.[4]

However, even if the termination of the prime lease had been proper, it has been recognized that "a mere possessory interest in real property, *without any accompanying legal interest*, is sufficient to trigger the protection of the automatic stay." *48th Street*, 835 F.2d at 430 (emphasis added). However, not all courts within the Third Circuit have so broadly applied the stay imposed under §362. *See Twin Rivers Lake Apartments Horizontal Property Regime, Inc. v.*

---

[4]      Debtor argued this point at the evidentiary hearing but represented to the Court that it is not seeking sanctions. The Debtor simply sought enforcement of the stay. This Court also notes that the Debtor has repeatedly asserted its belief that a stay under German law applies due to GmbH's insolvency proceedings. Accordingly, the Debtor contends that Buncher did not properly terminate the Lease with GmbH as relief from the German stay was not first obtained by Buncher. This Court need not resolve this issue. If a German stay is in effect, then Buncher must comply with such stay or face, in the appropriate forum, whatever consequences result from a violation. This, however, is not the forum to assert the applicability of the German stay as this Court is not purporting to grant any relief with respect to GmbH. Furthermore, although GmbH has participated in certain aspects of this bankruptcy case, it has taken no position on Buncher's Motion. This Court is only resolving herein the relief requested against Flabeg US.

*Wallner*, Civ.A.No. 05-4560, 2006 WL 2023188 (D.N.J. July 18, 2006) (unpublished) (discussing cases within the Third Circuit).

In *Atlantic Business,* the Third Circuit Court of Appeals, citing to *48th Street*, stated, "We join with the Court of Appeals for the Second Circuit in holding that a possessory interest in real property is within the ambit of the estate in bankruptcy under Section 541, and thus the protection of the automatic stay of Section 362." 901 F.2d at 328. In *Atlantic Business*, the court of appeals affirmed the decision of the district court in holding that a tenancy at sufferance created a property interest protected by the automatic stay. 901 F.2d at 326. Although the facts presented in *Atlantic Business* are distinguishable, the Third Circuit cited approvingly to *48th Street*, and likewise held that "[t]he language of Section 362 makes clear that *mere possession* of property at the time of filing is sufficient to invoke the protections of the automatic stay." 901 F.2d at 328 (emphasis added).

Despite this seemingly clear statement by the court of appeals, the district court in *Twin Rivers* addresses the varied interpretations of *Atlantic Business* within the Third Circuit. *See* 2006 WL 2023188, at *7-8. Citing to *In re Blaylock*, 301 B.R. 443 (Bankr.E.D.Pa.2003), the court noted that "[a]t least one court within this circuit has construed *Atlantic Business* to mean that the mere presence of an occupant, without more, is sufficient to invoke the automatic stay to protect the occupant from eviction." *See* 2006 WL 2023188, at *7. To the contrary, "[o]ther courts within this circuit have required that a debtor possess a colorable legal claim to an interest in the property, in addition to mere presence, to make that property 'property of the estate' and invoke the benefits of the automatic stay." *See* 2006 WL 2023188, at *8 (citing to *In re St. Clair*,

251 B.R. 660, 667 (D.N.J.2000)[5]). This Court has previously taken the position that "a debtor's interest in property, which was akin to a squatter's, was insufficient to invoke the protection of the automatic stay." 2006 WL 2023188, at *8 (discussing the holding in *In re Turner*, 326 B.R. 563 (Bankr.W.D.Pa.2005)). Thus, courts have diverged in interpreting and applying *Atlantic Business.*

Notwithstanding the different interpretations within the Circuit, the facts of this case support a finding that the automatic stay applies under *Atlantic Business.* It is undisputed that the Debtor had (and continues to have) *at least* possession of the Property at the time this bankruptcy case commenced. Therefore, under the line of cases holding that mere possession is sufficient to invoke the protection of the automatic stay, the stay applies. Furthermore, this Court holds that a possessory interest, without any accompanying legal or contractual interest, is sufficient to invoke the application of the automatic stay.

In addition, the facts of this case also support a finding that the stay applies under the line of cases requiring at least a colorable legal claim to an interest in the property. This Debtor is not akin to a squatter. Even if the Lease with GmbH had been properly terminated by Buncher, the Debtor's position is more similar to the tenant at sufferance as discussed in *Atlantic Business*. In examining the analysis of the court of appeals, the court in *Twin Rivers* observed that a tenant at sufferance is one who obtained possession by lawful title, typically through a lease, but holds over after the expiration of that lease term without any renewed permission from the owner. 2006 WL 2023188, at *6, n.2. Thus, the holdover tenant's possession is protected by the automatic stay despite the fact that a contractual relationship no longer exists with the landlord as the

---

[5]    The district court's decision in *St. Clair* was affirmed by the Third Circuit without further opinion. *See St. Clair v. Wood*, 281 F.3d 224 (3d Cir.2001). Thus, as stated by the court in *Blaylock*, it is not clear whether the Court of Appeals adopted the reasoning of the lower court in finding that the appeal was moot. *See In re Blaylock*, 301 B.R. at 447, n.6.

former lease expired. Similarly, Flabeg US commenced its lawful possession of the premises

through its Sublease with GmbH, which did not require Buncher's prior approval. That Sublease

was not terminated prior to the commencement of this case. Based on the foregoing, the

automatic stay applies, and the Court turns to whether relief from stay is appropriate.

Pursuant to §362(d)(1), relief from stay is appropriate "for cause, including the lack of

adequate protection[.]" The test to be applied is a totality of the circumstances test based upon

the particular facts of the case. *See Chatkin*, 465 B.R. at 59. The concept of "cause" is broad and

flexible requiring a fact intensive analysis. *Id.* at 60 (setting forth the standard in *In re Brown*,

311 B.R. 409 (E.D.Pa.2004)). Because results are dictated by the unique facts of a particular

case, there are generally no precise standards to apply. *Id.* Among the relevant factors, courts

consider the interests of the debtor, creditors, and parties in interest as well as the underlying

policies of the Bankruptcy Code. *Id.* As Buncher has not received rental payments since April

2013 and continues to incur expenses in connection with the Property, this Court finds that

Buncher made an initial prima facie showing of cause sufficient to support relief from stay.

Therefore, the burden is on Debtor to show a lack of cause.

The facts of this case are unique. Buncher and the Debtor have no contractual

relationship.[6] The Debtor's entitlement to occupy the Property results from its Sublease with

GmbH, a related entity which is the subject of insolvency proceedings in Germany. Therefore,

the only lease with the potential of being assumed by this Debtor is the Sublease with GmbH.

However, this Court has no information regarding the treatment of the Lease or Sublease by the

German court handling GmbH's insolvency proceedings. Furthermore, Debtor did not establish

---

[6]     The Court notes that Debtor asserts in its Post-Hearing brief that GmbH has agreed to assign its Lease with Buncher to the Debtor and that said assignment will occur upon this Court's approval of a stipulation reached on a separate matter. The assignment, which apparently has not yet occurred, is not part of the record in this matter and the Court will not consider it in resolving the instant Motion.

its ability to provide ongoing rental payments to Buncher. As further indication of its inability to

do so, the Debtor takes the position in its Post-Hearing Brief that the substantial security deposit

made by GmbH at the time the Lease was first executed is sufficient to protect Buncher. This

Court disagrees. First, an amendment to the Lease eliminated the security deposit as of October

1, 2012. While the Debtor may disagree with the arrangement to eliminate the deposit and pay a

restructuring fee, that was the arrangement made by the parties to the Lease, Buncher and

GmbH. Second, the Debtor has not established that the former security deposit is sufficient to

cover the continuing expenses incurred by Buncher in connection with the Property. Considering

the entire record in this matter, cause exists to grant relief from stay to Buncher. The Debtor has

failed to meet its burden under the statute, and relief from stay is appropriate under §362(d)(1).

Therefore, the Court need not decide whether relief from stay is also appropriate under

§362(d)(2).[7]

## CONCLUSION

For the foregoing reasons, this Court finds that the automatic stay applies but relief from

stay is appropriate. Therefore, relief from stay is granted to Buncher to seek enforcement of its

remedies at law or in equity under applicable nonbankruptcy law with respect to the Property. An

appropriate Order will be entered consistent with this Memorandum Opinion.


                                                    __/s/ Carlota M. Böhm_____
DATE: October 2, 2013                               Carlota M. Böhm
                                                    United States Bankruptcy Judge

---

[7]      However, the Court notes that, although Buncher asserts that the Debtor has no equity in the
Lease, Buncher fails to address the Debtor's interest in the Sublease, which was not terminated prior to
the commencement of this case. Therefore, the Sublease may have value. To the extent Buncher's
argument relies upon its purported termination of the Lease with GmbH, this Court found the termination
to be a violation of the stay. *See supra, note 6.* Furthermore, upon review of the record, the Debtor did not
produce sufficient evidence to establish that the property is necessary to an effective reorganization.

**CASE ADMINISTRATOR TO MAIL TO:**
    Joseph M. Fornari, Esq., and Kathleen Robb, Esq.
    Eric A. Schaffer, Esq.
    Robert O. Lampl, Esq.
    Kirk B. Burkley, Esq.
    William E. Kelleher, Jr., Esq.