IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| In re: <br><br>Flabeg Solar US Corporation, <br><br>           Debtor <br><br>Flabeg Solar US Corporation, <br><br>           Movant, <br><br>v. <br><br>UniCredit Luxembourg, S.A., United Rentals (North America), Inc., Univest Capital, Inc. <br><br>           Respondents | Bankruptcy No. 13-21415-CMB <br><br>Chapter 11 <br><br>Document No. __ <br><br>Related to Document No. 232 |

**LIMITED OBJECTION OF THE BUNCHER COMPANY TO DEBTOR'S MOTION FOR ORDER AUTHORIZING PUBLIC SALE AUCTION OF ASSETS FREE AND DIVESTED OF LIENS AND ENCUMBRANCES**

The Buncher Company ("Buncher") files this Limited Objection ("Objection") to Debtor's Motion for Order Authorizing Public Sale Auction of Assets Free and Divested of Liens and Encumbrances (the "Sale Motion") and states the following in support thereof.

**Background**

1. On or about November 20, 2008, Buncher and Flabeg GmbH ("GmbH") entered into a Lease Agreement (as amended, the "Lease") pursuant to which Buncher leased to GmbH certain real property (the "Property") located at 2201 Sweeney Drive, Findlay Township, Allegheny County, Pennsylvania. Flabeg Solar US Corporation (the "Debtor") occupied the Property pursuant to a sublease (as amended, the "Sublease") with GmbH.

2. On July 22, 2013, Buncher filed its Motion for Entry of an Order Declaring that the Automatic Stay is Not Applicable or, in the Alternative, Granting Relief from the Automatic Stay (the "Stay Motion") [Dkt. No. 45].

3. On September 12, 2013, the Court conducted an evidentiary hearing on the Stay Motion.

4. On October 2, 2013, the Court issued a Memorandum Opinion [Dkt. No. 174] and entered an Order [Dkt. No. 175] granting Buncher relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

5. On November 7, 2013, the Court entered an order (the "Auction Order") [Dkt. No. 222], pursuant to which the Debtor is allowed to conduct an auction (the "Auction") of its personal property, equipment, and inventory at the Property. *See* Auction Order, ¶ a. The Auction must conclude by the close of business on December 17, 2013. The Debtor's personal property, equipment, and inventory must then be removed from the Property no later than 12:00 p.m. (EST) on January 15, 2014.

## Relief Requested

6. Buncher objects to the Motion to the extent the Debtor seeks Court approval to sell fixtures that are part of the Property and as such may not be sold pursuant to the Auction Order. Buncher hereby seeks an Order from the Court: (i) modifying the list of equipment, personal property, and inventory to be auctioned by the Debtor (as set forth in Exhibit A to the Sale Motion), and (ii) requiring the Debtor to coordinate with Buncher on the removal of the equipment, personal property, and inventory being auctioned and allowing Buncher to oversee the removal to protect to the Property.

**Argument**

7. The following fixtures (the "Fixtures") are an integral part of the Property and should be excluded from the Auction.

    a. One transformer (model PC-1) 1500/2000 kva, with main breaker, which is listed as part of item no. 30 on Exhibit A to the Sale Motion;[1] and

    b. One back-up diesel generator, 300 kw, fuel tank base, weather housing, automatic transfer switch, which is listed as item no. 33 on Exhibit A to the Sale Motion.

8. The Auction Order did not authorize the sale of fixtures. *See* Auction Order, ¶ a. Buncher learned for the first time that the Debtor intended to sell Fixtures when it filed Exhibit A to the Sale Motion.

9. Buncher did not waive its rights or interests in the Fixtures and did not agree that the Debtor could include the Fixtures in the Auction.

10. A "fixture" is defined in the Uniform Commercial Code as a good which becomes so related to particular real estate that an interest in it arises under real estate law. *See* 13 Pa. C.S.A. § 9102; s*ee also Parkway Provision Co. v. Bankr. Estate of Devos, Inc. (In re Devos, Inc.*), Bankr. Case No. 00-20698, 2004 Bankr. LEXIS 700, at *27 (Bankr. W.D. Pa. 2004) (Judge Bentz) (*citing Noll v. Harrisburg Area YMCA,* 643 A.2d 81, 87 (Pa. 1994)) ("The general test used in determining when an article of personalty is a fixture has three components: (1) the relative permanence of attachment to realty; (2) the extent to which the chattel is necessary or essential to the use of the realty; and (3) the intention of the parties to make a permanent addition to the realty.").

---

[1] Buncher notes that the transformer is one of four located on the Property. The other three transformers can be removed without damaging the Property and can be sold by the Debtor at the Auction.

11.     Furthermore, "[a] thing is deemed to be affixed to real property when it is attached to it by its roots, imbedded in it, permanently resting upon it, or permanently attached to what is thus permanent, as by means of cement, plaster, nails, bolts or screws." *Davis v. Brennan*, 698 A.2d 1382, 1384 (Pa. Commw. Ct. 1997) (*citing* BLACK'S LAW DICTIONARY, at 638 (6th ed.).

12.     The Fixtures are attached to the Property, are essential to the use of the Property, and were intended to remain with the Property.  Indeed, the generator serves to provide emergency lighting to the Property and, without the generator, the Property will not be in compliance with local occupancy requirements and the building permit will be revoked.

13.     Upon the Debtor's filing of the Sale Motion, Buncher promptly raised its concerns over the sale of the Fixtures with the Debtor and UniCredit Luxembourg, S.A.  The parties have been unable to reach a consensual resolution.

14.     Buncher also requires assurances that the Debtor will coordinate with Buncher regarding security and the removal of the equipment, personal property, and inventory following the Auction to avoid damage to the Property.

WHEREFORE, for the foregoing reasons, Buncher respectfully requests that the Court enter an Order:  (i) modifying Exhibit A to the Sale Motion to exclude Fixtures from the Auction; and (ii) requiring the Debtor to coordinate the removal of the equipment, personal property, and inventory with Buncher.

Dated:  November 27, 2013	Respectfully submitted,

                                                          REED SMITH LLP

                                                        By:  /s/ Eric A. Schaffer
                                                               Eric A. Schaffer, Esquire
                                                              Pa. ID No. 30797
                                                              Jared S. Roach, Esquire
                                                              Pa. ID No. 307541
                                                              225 Fifth Avenue
                                                              Pittsburgh, PA  15222
                                                              (412) 288-3131
                                                              (412) 288-3063 (fax)
                                                              eschaffer@reedsmith.com
                                                              jroach@reedsmith.com

                                                       *Counsel for The Buncher Company*